UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JERMAINE ARNET COOPER,

          Petitioner,

Case No. 2:21-cv-10702

HONORABLE STEPHEN J. MURPHY, III

v.

BECKY CARL,

          Respondent.

                                 /

**OPINION AND ORDER DENYING
MOTION FOR EXTENSION OF TIME TO FILE APPEAL [14]**

Petitioner Jermaine Cooper filed a habeas petition under 28 U.S.C. § 2254. ECF 1. Respondent Becky Carl moved to dismiss the petition as untimely. ECF 10. The Court granted Respondent's motion. ECF 12.

Three weeks after the Court dismissed the case, Petitioner filed a request to toll the thirty-day deadline for filing a notice of appeal. ECF 14. Petitioner then untimely appealed to the Sixth Circuit, ECF 16; 17, and the Sixth Circuit remanded the case for the Court to resolve Petitioner's request. ECF 18.[1] After remand, the Court denied Petitioner's request for two reasons. ECF 19. One, Petitioner "did not offer any reason for why he could not have completed his research during the fourteen

---

[1] The Sixth Circuit stated that, because "[t]he reason advanced for an extension of that deadline appears to be the prison's COVID-19-related library restrictions," Petitioner's motion "effectively reads as a motion for extension of time to file an appeal." ECF 18, PgID 1012–13 (internal quotation marks and quotation omitted). The Sixth Circuit thus directed the Court to determine "whether [Petitioner's] time for filing a notice of appeal should be extended." *Id.* at 1013.

1

days available to him." *Id.* at 1215. And two, Petitioner failed to show extraordinary circumstances that prevented timely filing. *Id.*

The Sixth Circuit vacated the Court's order and remanded the case with instructions to "treat [Petitioner's] request as a motion for an extension of time that was filed before his notice of appeal was due." ECF 20, PgID 1220. The Sixth Circuit noted that the Court should have treated Petitioner's request as a motion for an extension of time rather than one for equitable tolling. *Id.* at 1219.[2] For the reasons below, the Court will deny Petitioner's request for an extension of time to file a notice of appeal.[3]

## LEGAL STANDARD

"[N]o appeal shall bring any judgment . . . before a court of appeals for review unless notice of appeal is filed[] within thirty days after the entry of such judgment." 28 U.S.C. § 2107(a). "[A] district court may, upon motion filed not later than [thirty] days after the expiration of the time otherwise set for bringing appeal, extend the time for appeal upon a showing of excusable neglect or good cause." § 2107(c). "[D]istrict courts must liberally construe a document that could reasonably be

---

[2] The Sixth Circuit stated that "[t]he district court did not treat [Petitioner's] request as a motion for an extension of time," but it also appeared to suggest that the Court had done so. *See* ECF 20, PgID 1219 ("On remand, the district court found that [Petitioner] failed to establish excusable neglect or good cause for his late filing and denied the motion for an extension of time."). Nonetheless, the Sixth Circuit concluded that the Court's order had incorrectly relied "upon cases involving defendants who sought equitable tolling, but who failed to file timely motions for extensions of time," and remanded for the Court to analyze Petitioner's request as a motion for extension of time. *Id.*
[3] Because Petitioner is a pro se prisoner, the Court need not hold a hearing to resolve the motion. *See* E.D. Mich. L.R. 7.1(f)(1).

interpreted as a motion for an extension of time to file a notice of appeal." *Young v. Kenney*, 949 F.3d 995, 997 (6th Cir. 2020) (citation omitted). Here, notice of appeal was due on or before February 18, 2022. *See* ECF 13; ECF 20, PgID 1218; § 2107(a). Because Petitioner moved for an extension of time to file an appeal on February 8, 2022, ECF 14, ten days before the expiration of the appeal deadline, his request was timely under § 2107(c).

"Good cause will be found where forces beyond the control of the [petitioner] prevented [him] from filing a timely notice of appeal." *Nicholson v. City of Warren*, 467 F.3d 525, 526 (6th Cir. 2006) (citation omitted). "Excusable neglect [is] a strict standard which is met only in extraordinary cases." *Id.* (citation omitted). "Determinations of excusable neglect sound in equity and take account of all relevant circumstances surrounding the party's omission." *JBlanco Enters. v. Soprema Roofing & Waterproofing, Inc.*, No. 17-3535, 2017 WL 5634299, at *2 (6th Cir. Nov. 20, 2017) (cleaned up). "Relevant factors include the danger of prejudice to the other party, the length and reason for the delay—including whether it was within the party's control—and whether the party acted in good faith." *Id.* (quotation omitted). But the factors "do not carry equal weight; the excuse given for the late filing must have the greatest import." *Id.* (quotation omitted). If either good cause or excusable neglect are satisfied, a district court "may" extend the time to file a notice of appeal by a maximum of "[thirty] days after the prescribed time or [fourteen] days after the date when the order granting the motion is entered, whichever is later." Fed. R. App. P. 4(a)(5)(A), (C).

3

**DISCUSSION**

Petitioner reasoned that an extension was necessary because the prison's law library was closed during the COVID-19 pandemic. ECF 14, PgID 1204. He noted that the law library closed fourteen days after the Court entered its final judgment. *Id.* Petitioner also claimed that Michigan State courts have allowed extensions of filing periods because of limited law library access. *Id.* Petitioner thus argued that the Court should likewise extend the thirty-day notice of appeal deadline in his case. *Id.*; *see also* 28 U.S.C. § 2107(a), (c). The Court will deny Petitioner's motion for two reasons.

I. <u>Good Cause</u>

First, Petitioner failed to show good cause for why the Court should extend the thirty-day deadline for filing a notice of appeal. Petitioner argued that he needed an extension because the prison's law library closed fourteen days after the Court entered its final judgment. ECF 14, PgID 1204. But the "closure of the prison law library for a limited period . . . does not provide good cause to justify a departure from the normal deadlines for filing a notice of appeal." *United States v. Cope*, No. 2:99-cr-033, 2019 WL 384950, at *2 (E.D. Ky. Jan. 29, 2019). The law library closure here does not, at baseline, establish good cause for extending a filing deadline that simply provides for a party's notice that it intends to appeal a judgment.

What is more, Petitioner provided no details about the difficulties he experienced when the law library closed or how the difficulties prevented him from filing a timely notice of appeal. *See* ECF 14. The Sixth Circuit has held that a failure

4

to explain the difficulties that prevented a claimant from filing a timely notice of appeal precludes a finding of good cause. *See Nicholson*, 467 F.3d at 526 (upholding a district court's denial of a motion for an extension of time because the plaintiff provided "no details of the duration of her medical treatment which would indicate that she had been unable to file a notice of appeal within thirty days of the court's order"); *Proctor v. N. Lakes Cmty. Mental Health*, 560 F. App'x 453, 457–58 (6th Cir. 2014) (holding that a plaintiff failed to establish good cause because she did not provide adequate details about an alleged medical condition that had prevented her from filing a timely notice of appeal). Simply put, Petitioner failed to explain the difficulties that allegedly prevented him from being able to file a timely notice of appeal. *See* ECF 14. Without such evidence, Petitioner cannot establish good cause for extending the filing deadline.

Moreover, the Court's analysis is unchanged by the fact that the COVID-19 pandemic caused the law library closure. That circumstance does not by itself create good cause for extending the filing deadline. A claim that "the pandemic has led to logistical hurdles" at a prison does not create good cause if the "the issues [Petitioner] identifies have not hindered his ability and wherewithal to file in a timely way things that are much more detailed and involved than a notice of appeal." *Calhoun v. Corizon Health, Inc.*, No. 1:20-CV-697, 2022 WL 1137047, at *1 (W.D. Mich. Apr. 18, 2022). And the pandemic-related prison law library closures Petitioner identified have not hindered his ability to file documents that are much more detailed and involved than a notice of appeal. *See Marsh v. Richardson*, 873 F.2d 129, 131 (6th Cir. 1989)

5

(citation omitted) ("[T]he filing of a notice of appeal does not require much thought or time."). For instance, Petitioner filed a seven-page motion for equitable tolling even though "inmates were without direct access to legal material to research their appeals." ECF 3, PgID 101. Indeed, access to the prison law library was restricted such that inmates had to "show tangible proof that they had an upcoming deadline" if they wanted to use the law library. *Id.* at 102 (Petitioner "had to repeatedly explain that he was researching equitable tolling" to use the law library.). Because the COVID-19 law library closures did not hinder his ability to submit filings more complex than a notice of appeal, Petitioner cannot establish good cause for extending the filing deadline for the simpler notice.

In sum, Petitioner cannot show good cause for extending the filing deadline because he failed to explain how he was "prevented" by forces beyond his control from filing a timely notice of appeal. *Nicholson*, 467 F.3d at 526 (citation omitted).

II. <u>Excusable Neglect</u>

Second, Petitioner failed to show excusable neglect to justify an extension. Excusable neglect is "a strict standard" that is satisfied "only in extraordinary circumstances." *Nicholson*, 467 F.3d at 526 (citation omitted). Petitioner offered no evidence to suggest that the prison law library closure created an extraordinary circumstance. Indeed, Petitioner admitted that the law library was open for at least fourteen days after the Court issued its final judgment, and he offered no excuse for why he could not have filed the notice of appeal during the fourteen days available to him. *See* ECF 14, PgID 1204. He did not argue, for instance, that he failed to receive

6

the Court's judgment in time. *See Young*, 949 F.3d at 996–97 (prisoner stating that his untimely notice of appeal was excusable because he did not receive the district court's judgment until thirteen days after the judgment was entered). Nor did he argue that he was unable to complete the filing due to a health concern. *See Proctor*, 560 F. App'x at 457 (plaintiff arguing that her untimely notice of appeal was excusable because of a medical condition). All told, Petitioner offered no excuse for why he neglected to file a notice of appeal in the time available to him.

Moreover, none of the factors relevant to excusable neglect justify an extension of the filing deadline. *See JBlanco*, 2017 WL 5634299, at *2 (providing that "[r]elevant factors include the danger of prejudice to the other party, the length and reason for the delay—including whether it was within the party's control—and whether the party acted in good faith.") (quotation omitted). Indeed, the factors are not the primary consideration here. Rather, "the excuse given for the late filing must have the greatest import." *Id.* (quotation omitted). And Petitioner's excuse—the closing of the prison law library because of COVID-19—does not persuade the Court that an extension is warranted.

Petitioner thus failed to offer justification for a finding of excusable neglect. The Court will deny his motion for extension of time to file an appeal.

## CONCLUSION

In sum, Petitioner failed to provide a valid basis for an extension of time to file an appeal. The Court will therefore deny the motion. And the Court will again deny a certificate of appealability because "a plain procedural bar is present and

7

the . . . [C]ourt is correct to invoke it to dispose of the case." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Thus, "a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the [P]etitioner should be allowed to proceed further." *Id.* The Court will last deny Petitioner leave to appeal in forma pauperis because he cannot take an appeal in good faith. *See* Fed. R. App. P. 24(a); 28 U.S.C. § 1915(a)(3).

**WHEREFORE**, it is hereby **ORDERED** that Petitioner's motion for an extension of the time to file a notice of appeal [14] is **DENIED**.

**IT IS FURTHER ORDERED** that Petitioner is **DENIED** a certificate of appealability.

**IT IS FURTHER ORDERED** that Petitioner is **DENIED** in forma pauperis status on appeal.

**SO ORDERED.**

s/ Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: December 15, 2022

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on December 15, 2022, by electronic and/or ordinary mail.

s/ David P. Parker
Case Manager